# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CONSTANTINE A. SPHOURIS,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC, *et al.*,

    Defendants.

Case No. 2:10-CV-00298-KJD-RJJ

**ORDER**

    Presently before the Court is Plaintiff's Response to Petition for Removal (#6) which the Court will liberally construe as a motion to remand. Defendant Aurora Loan Services filed a response in opposition (#8). Having read and considered Plaintiff's response it is denied. The action was properly removed and subject matter jurisdiction exists in this Court.

    Also before the Court is Defendant Aurora Loan Services' Motion to Dismiss, Motion for Summary Judgment and Motion to Expunge Lis Pendens (#9). Also before the Court is Defendant Quality Loan Service Corporation's Joinder in Motion to Dismiss (#11). Plaintiff filed a response in opposition (#14) which he titled "Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Reply to Plaintiff's Non-opposition to Motion to Set Aside Default and Motion to Expunge Lis Pendens". Despite the title, the Court will liberally construe *pro se*

Plaintiff's pleadings and finds that it is intended to serve as Plaintiff's opposition.  Finally, the Court considered the Exhibits (#21/22) filed in accordance with the Court's Order (#20).

I.  Facts

On or about January 12, 2005, Plaintiff obtained a loan ("the Note") in the principal amount of $182,500 from Home Loan Center, Inc., dba Lending Tree Loans ("Lending Tree"), secured by property located at 342 West Azure Avenue, North Las Vegas, NV 89031 ("the Property").  To secure repayment, Plaintiff executed and delivered a Deed of Trust on January 12, 2005 which was recorded in the Official Records of the Clark County Recorder on January 19, 2005.  The Deed of Trust identified Lending Tree as Lender, MERS as nominee beneficiary and T.D. Service Company as Trustee.

Servicing of the loan was transferred to Defendant Aurora Loan Services, LLC, ("Aurora") on February 8, 2005.  Plaintiff defaulted in repayment of the Note.  On June 12, 2009, MERS executed a substitution of trustee, which was recorded on June 24, 2009, naming Quality Loan Service ("Quality") as trustee.

On June 12, 2009, Quality, as agent for MERS, executed and recorded a Notice of Breach and Election to Cause Sale of Real Property Under Deed of Trust.  The property was sold at a trustee's sale and a new trustee's deed was recorded on October 16, 2009.  Plaintiff then filed the present action on January 27, 2010.  On March 4, 2010, the state court heard Plaintiff's motion for restraining order and denied it.  The same day, Defendant Aurora filed the Petition for Removal (#1).

Plaintiff's complaint, construed very liberally by this Court, only states a handful of potentially viable causes of action.  Plaintiff's causes of action for civil rights violations must be dismissed because Plaintiff does not allege that any of the defendants are state actors.  Furthermore, all causes of action that allegedly arise under Title 18 of the United States Code must be dismissed, because those alleged causes of actions only give rise to criminal liability and provide no private right of recourse for any alleged criminal violations.

II. Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

1  bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

2  if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

3  III.  Analysis

4        A.  Causes of Action Alleging Violation of the Fair Debt Collection Practices Act

5        Plaintiff appears to allege that Defendants violated the Fair Debt Collection Practices Act

6  ("FDCPA").  Plaintiff's FDCPA claim fails as a matter of law.  Engaging in "shotgun" pleading,

7  Plaintiff asserts that "Defendants are Acting as a servicing Company are considered debt

8  collectors[.]" Plaintiff's Opposition (#14), p. 3, l. 9-12.  Defendants, however, do not meet the

9  definition of a debt collector under the statute.  The FDCPA defines a debt collector as "any person

10  ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due

11  another." 15 U.S.C. § 1692a(6).  The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or
> asserted to be owed or due another to the extent such activity ... (ii) concerns
> a debt which was originated by such person [or] (iii) concerns a debt which
> was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(G).  The legislative history of section 1692a(6) indicates conclusively that a

debt collector does not include the consumer's creditors, a mortgage servicing company, or an

assignee of a debt, as long as the debt was not in default at the time it was assigned.  See S.Rep. No.

95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.C.A.A.N. 1695, 1698.  See also Perry v.

Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  Even if any of the Defendants were debt

collectors under the act, the district courts in the Ninth Circuit have held that the FDCPA does not

apply to a non-judicial foreclosure proceeding because such proceedings are not an attempt to collect

a "debt" for the purposes of the statute.  See, e.g., Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188,

1204 (D. Or. 2002).  See also Contreras v. Master Financial, Inc., No. 3:10-cv-0477-LRH-VPC,

2010 U.S. Dist. LEXIS 118017*6 (D. Nev. Nov. 4, 2010).  In this case, the FDCPA is inapplicable,

since Defendants are not debt collectors and a non-judicial foreclosure proceeding is not an action to

collect a debt.  Therefore, the Court dismisses any claims arising under the FDCPA.

4

B.  GAAP

Plaintiff's complaint and opposition make multiple claims that Defendants violated Generally Accepted Accounting Principles ("GAAP").  However, Plaintiff has failed to assert how any violation of GAAP would give rise to a personal cause of action under the facts of this case.  See, e.g., Torne v. Rep. Mortg., LLC, 2010 WL 1904507 *3 (D. Nev. 2010)("GAAP is not an actionable claim in Nevada").  If Plaintiff intended to assert that the violation of GAAP alleged in this case was fraudulent, Plaintiff must comply with the particularity requirements of pleading fraud.  See, e.g., Calderon v. Endres, 2009 WL 1953400 *3 (S.D. Cal. 2009)(sparse allegations of violations of GAAP are insufficient to state a claim).  Accordingly, the Court dismisses any claims based on GAAP.

C.  Truth in Lending Act ("TILA")

Plaintiff alleges that Defendants violated TILA by failing to disclose certain terms of the loan and not provide more favorable loan products.  However, it is undisputed that these actions were taken by neither Aurora nor Quality.  Accordingly, any claim under TILA against these Defendants must be dismissed.

D.  Real Estate Settlement Practices Act ("RESPA")

The only claim under RESPA which is made against either Defendant is that Plaintiff was not mailed written notice from Aurora that servicing of his loan was being transferred from the original lender, The Home Loan Center, to Aurora.  However, Defendant Aurora produced an admissible letter giving notice to Plaintiff of transfer of the loan and verification that it was mailed to Plaintiff. Accordingly, Plaintiff has not raised an issue of fact regarding this claim and it is dismissed.

E.  Improprieties in the Foreclosure Process

Plaintiff makes many jumbled allegations and argues many conflicting theories that Defendants wrongfully foreclosed, did not follow proper procedures in foreclosing, and failed to produce the note.  However, the record demonstrates that the foreclosure process was properly followed in this case.  The procedure for conducting a trustee's foreclosure sale in Nevada is set forth

in NRS § 107.080 *et seq*. The foreclosure process is commenced by the recording of a notice of breach and election to sell by the trustee. NRS § 107.080(2)(b). After the notice of default is recorded, the trustee must wait three months. NRS § 107.080(2)(c). The trustee must then give notice of the time and place of the sale. NRS § 107.080(4). A sale is conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Section 107.080 provides that the "power of sale" is conferred upon the "trustee." Section 107.080(b) expressly states that the trustee can execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." Here, the Trustee and agent of MERS properly executed its power of sale. Plaintiff has failed to cite to any authority under Nevada law that a trustee's power of sale is tied to the presentment of the original note to the debtor.

Additionally, at least under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) and Cal. Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)). See, e.g., Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583 P.2d 449, 451 (Nev.1978) (stating that Nevada courts often look to California law where Nevada law is silent).

Finally, even if Defendants caused an irregularity in the non-judicial foreclosure process, Plaintiff failed to timely bring an action. NRS § 107.080(5) requires an action to be brought within ninety (90) days of the sale. In this action, the sale occurred on October 6, 2009. Therefore, Plaintiff was required to bring his action no later than January 5, 2010. Instead, Plaintiff filed his action on

January 27, 2010. Accordingly, Plaintiff's action is time-barred. For the above stated reasons, the Court must dismiss Plaintiff's claims against Defendants.

### F. Remaining Defendants and Service under Rule 4

Plaintiff's complaint was filed in state court on January 27, 2010. Federal Rule of Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant 120 days after the filing of the complaint. The 120 day time period for effecting service of the summons and complaint upon the remaining defendants, Lending Tree Loan, T.D. Service, Genisys Financial Corp., MERS and Home Center Inc. d/b/a Lending Tree Loans, LLC expired no later than May 27, 2010. On July 29, 2010, the Court ordered (#15) Plaintiff to file proof of service of the summons and complaint on defendants no later than August 28, 2010, and warned Plaintiff that failure to do so would result in the complaint against Defendants being dismissed without prejudice.

On August 27, 2010, Plaintiff responded (#16) to the Court's order. Plaintiff asserts that he served "defendants" via mail. However, Plaintiff's service is ineffective for the following four reasons: (1) neither the Nevada nor the Federal Rules of Civil Procedure expressly allow service of the summons and complaint via mail; (2) even if they did, service would be inappropriate, because Rule 4(c)(2) requires service to be performed by a person "not a party" to the litigation and Plaintiff is clearly a party to the litigation; (3) the certified mail return receipts only cover one non-appearing entity, Peoples First Realty, who is not a named defendant; and (4) since no summons were issued by this court, Plaintiff could not have mailed valid summons to any party served after the case was removed. Accordingly, all claims against the remaining defendants are dismissed without prejudice.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Aurora Loan Services' Motion to Dismiss, Motion for Summary Judgment and Motion to Expunge Lis Pendens (#9) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Quality Loan Service Corporation's Joinder in Motion to Dismiss (#11) is **GRANTED**;

1  IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants
2  Aurora Loan Services and Quality Loan Service Corporation and against Plaintiff;
3  IT IS FURTHER ORDERED that the claims against the remaining Defendants are
4  **DISMISSED without prejudice** for failure to serve the summons and complaint in compliance with
5  Rule 4(m).
6  DATED this 28th day of February 2011.

_____
Kent J. Dawson
United States District Judge