1
2
3
4
5
6
7
## UNITED STATES DISTRICT COURT
8
## DISTRICT OF NEVADA
9
10   CONSTANTINE A. SPHOURIS,
11        Plaintiff,                            Case No. 2:10-CV-00298-KJD-RJJ
12   v.                                         **ORDER**
13   AURORA LOAN SERVICES, *et al*.,
14        Defendants.
15
16        Presently before the Court is Plaintiff's Motion for Reconsideration (#25).  Though the time
17   for doing so has passed, no response in opposition has been received.  Plaintiff's motion for
18   reconsideration was filed on June 24, 2011.  On February 28, 2011, the Court granted Defendant
19   Aurora Loan Services' and Quality Loan Service Corporations' Motions to Dismiss and for
20   Summary Judgment on the merits.  The remaining defendants were dismissed without prejudice in
21   accordance with Rule 4 (m) of the Federal Rules of Civil Procedure.  Plaintiff reargues the facts of
22   his case and also specifically mentions reinstatement of his case under Rule 60(b)(1)(3).
23        A motion to reconsider a final appealable order is appropriately brought under either Rule
24   59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure.  See United States v. Martin, 226 F.3d
25   1042, 1048 n.8 (9th Cir. 2000).  Motions for reconsideration are committed to the discretion of the
26

1  trial court.  See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th
2  Cir. 1993).

3        A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the
4  final judgment.  See Fed. R. Civ. P. 59(e).  A motion for reconsideration is treated as a Rule 59(e)
5  motion if it is timely filed within the specified twenty-eight-day period.  See Am. Ironworkers &
6  Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1]  Otherwise, the motion is
7  treated as a Rule 60(b) motion for relief from judgment or order.  See id.  In this action, Plaintiff's
8  motion for reconsideration was filed approximately four (4) months after the final judgment.
9  Accordingly, the Court will consider his motion under Rule 60(b).

10        Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of:  (1) mistake,
11  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's
12  fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or
13  discharged judgment; or (6) any other reason justifying relief from the operation of the judgment.
14  See Fed. R. Civ. P. 60(b).  A party can obtain relief under Rule 60(b) only upon an adequate showing
15  of exceptional or extraordinary circumstances.  See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.
16  1995).  A Rule 60(b) motion must be filed within a reasonable time, and for reasons (1), (2) and (3)
17  not more than one year after the judgment, order, or proceeding was entered.  See Fed. R. Civ. P.
18  60(b).  Errors of law are cognizable under Rule 60(b)(1).  See Kingvision Pay-Per-View Ltd. v. Lake
19  Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).  Also, Rule 60(b) allows a district court judge to vacate
20  a judgment on its own motion if after "mature judgment and re-reading the record he [is]
21  apprehensive that he had made a mistake." Id. at 352. However, due process requires the court to
22  give notice and an opportunity to be heard before vacating a judgment on its own motion.  See id.

23        A motion for reconsideration should not merely present arguments previously raised; that is, a
24  motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments

25

26      [1]In 2009, Rule 59(e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

1    previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer

2    County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v.

3    Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule

4    merely because he or she is unhappy with the judgment.").  "As a general rule, the Court does not

5    consider evidence on a motion for reconsideration if the evidence could have been provided before

6    the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927,

7    935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263).  In order for a party to demonstrate

8    clear error, the moving party's arguments cannot be the same as those made earlier.  See Glavor v.

9    Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).  If a party simply

10   inadvertently failed to raise the arguments earlier, the arguments are deemed waived.  See id.  It is

11   not an abuse of discretion for a district court to decline to address an issue raised for the first time in

12   a motion for reconsideration.  See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir.

13   1999).

14        In this action, Plaintiff mostly reargues his previous assertions that were rejected by the

15   Court.  However, he has not, as required by Rule 60(b)(1), shown mistake, inadvertence, surprise, or

16   excusable neglect.  Nor has he shown fraud, misrepresentation, or other misconduct.  Specifically,

17   though Plaintiff argues that he properly served Defendants Aurora Loan Services and Quality Loan

18   Services, the Court dismissed the claims against those parties on the merits, not for inadequate

19   service.  Furthermore, though Court detailed the problems with service on the other parties,

20   Plaintiff has done nothing to demonstrate that he properly served those parties.

21        Next, after examining each document the Court has taken judicial notice of, the Court can

22   find no deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices

23   required in Nevada statute.  Each party that acted was authorized by the Deed of Trust, Note and by

24   state statute to take the actions that they did.  Furthermore, Plaintiff's claims regarding securitization

25   of the Note and the involvement of MERS have been foreclosed by the Ninth Circuit.  See Cervantes

26   v. Countrywide Home Loans, Inc., — F.3d —, 2011 WL 3911031 *8 (9th Cir. September 7, 2011).

3

The Court's review of the Deed of Trust and judicially noticed, recorded documents demonstrates no defect as alleged by Plaintiff.

Finally, Plaintiff's wrongful foreclosure and quiet title claims fail, because Plaintiff does not dispute that he is in default and cannot cure the default.  Nevada recognizes the tort claim of wrongful foreclosure, and a corresponding request to quiet title, where  homeowners allege that a lender wrongfully exercised the power of sale and foreclosed upon their property when they were not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983)(wrongful foreclosure); Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011)(quiet title). However, Plaintiff does not dispute his delinquency on the mortgage.  Accordingly, upon reconsideration, the Court must deny Plaintiff's request.

Furthermore, Plaintiff's remaining contentions and requests for relief are without merit.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (#25) is **DENIED**.

DATED this 20th day of October 2011.


_____
Kent J. Dawson
United States District Judge